## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RENEE GOODMAN, RENIECE GOODMAN AND ROY GOODMAN, III<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation,<br><br>CALUMET CITY, ILLINOIS, a Municipal Corporation, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department,<br><br>CITY OF HAMMOND, INDIANA, a Municipal Corporation, VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department.<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.<br><br>FILED: AUGUST 20, 2008<br>08CV4752<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE COLE<br><br>AEE |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, complain against the Defendants, UNITED STATES OF AMERICA, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; CALUMET CITY, ILLINOIS, A Municipal Corporation, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; CITY OF HAMMOND, INDIANA, A Municipal Corporation, VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department:

## NATURE OF ACTION RELIEF

1.    Plaintiffs seek monetary relief and injunctive relief for their Federal Question Claims to redress the deprivation of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and 1343.

3.    Further, this action is authorized and instituted pursuant to Title 42 U.S.C. §1983, which was derived from section 1 of the Civil Rights Act of 1871, 17 Stat. 13.

4.     All acts alleged occurred either within the Northern District of Illinois or the Northern District of Indiana.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C §1391.

## PARTIES

5.     Plaintiff, RENEE GOODMAN ("RENEE"), is an adult female citizen of the United States and a resident of Hammond, Indiana.

6.     Plaintiff, RENIECE GOODMAN ("RENIECE"), is an adult female citizen of the United States and a resident of Hammond, Indiana.

7.     Plaintiff, ROY GOODMAN, III ("ROY III"), is an adult male citizen of the United States and a resident of Hammond, Indiana.

8.     Defendant, UNITED STATES OF AMERICA, at all relevant times, through the Federal Bureau of Investigation, was the employer of Defendants TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON and UNKNOWN FBI AGENTS.

9.     Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON and UNKNOWN FBI AGENTS, at all times material hereto were sworn law enforcement officers for the Federal Bureau of Investigation.

10.     Defendant, CALUMET CITY, ILLINOIS, is a Municipal Corporation organized under the laws of the State of Illinois and at all relevant times, through the Calumet City Police Department, was the employer of Defendants, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS and UNKNOWN POLICE OFFICERS.

3

11.     Defendants, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U
PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT
OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS and
UNKNOWN POLICE OFFICERS, at all times material hereto were sworn law enforcement
officers for Calumet City, Illinois.

12.     Defendant, CITY OF HAMMOND, INDIANA, is a Municipal Corporation
organized under the laws of the State of Indiana, and through the Hammond Police Department,
was the employer of Defendants VARIOUS UNKNOWN POLICE OFFICERS.

13.     Defendants, VARIOUS UNKNOWN POLICE OFFICERS, at all times material
hereto were sworn law enforcement officers for Hammond, Indiana.

14.     Plaintiffs sue each and every individual law enforcement officer Defendant in
their individual capacity and in their capacity as law enforcement officers for the Federal Bureau
of Investigation, Calumet City, Illinois and Hammond, Indiana.

15.     At all times material hereto, each and every Defendant, acted under the color of
law.

## STATEMENT OF FACTS

16.     On Friday December 28, 2007, at approximately 6:00 a.m. a search warrant was
executed at Plaintiffs' residence located at 5623 Maywood Avenue, Hammond, Indiana.

17.     Defendant, Task Force Officer, Adam Clark, signed an application and affidavit
for a search warrant on December 27, 2007.

18.     The place to be searched in the application and affidavit for search warrant was
described as follows:

> "The premises, located at 5623 Maywood Avenue, Hammond, Indiana. 5623
> Maywood Avenue, Hammond, Indiana is a single-family dwelling, with white
> wood siding with dark wood trim around the windows, and is located in the

4

middle of the block next to a vacant lot on Maywood Avenue. The front door of the dwelling faces west and has a wood deck attached to it. The dwelling has a detached garage."

19.    The items to be seized in the application and affidavit for search warrant was described as follows:

Evidence of violations of Title 18, United States Code, Section 1951 and 924 including, but not limited to:

1)    any weapons, including guns, or ammunition;

2)    any United States currency or bank bands, or checks;

3)    any clothing depicted in surveillance photos or videos of the robbery that occurred on December 24, 2007 at approximately 11:41 a.m., at the JC Penny located at 200 River Oaks Center, Calumet City, Illinois 60409

4)    any photographs of or forms of identification for Roy Lee Goodman, Jr.;

5)    any evidence of the facts set forth in the attached Affidavit, including wrapping paper tube, bag carried by Dunbar Armored Car Carrier

6)    any evidence of the robbery that occurred on December 24, 2007 at approximately 11:41 a.m., at the JC Penny located at 200 River Oaks Center, Calumet City, Illinois 60409, including wrapping paper tube, bag carried by Dunbar Armored Car Carrier

20.    The search warrant was executed by law enforcement officers that included the Federal Bureau of Investigation, Calumet City Illinois Police Department and the Hammond Indiana Police Department.

21.    The search warrant was executed by the law enforcement officers by the use of forced entry and explosives, while they were dressed in black combat attire, which included black masks and while displaying various weapons.

22.    Upon entry, the law enforcement officers discharge at least two "flash" or "concussion" grenades which caused a loud explosion, flashes of light and smoke.

23.     Plaintiffs, who were all on the second floor of the residence, were ordered to the first floor at gunpoint and were handcuffed with their arms behind their backs.

24.     Plaintiffs were then interrogated while in their residence by various law enforcement officers.

25.     Moments later, Plaintiffs were removed while in handcuffs from the residence and driven to the Hammond Police Department.

26.     Upon arrival at the Hammond Police Department, Plaintiffs were each placed in jail cells and were separately and continuously interrogated by various Defendant law enforcement officers.

27.     Plaintiffs were each arrested, fingerprinted, photographed and otherwise processed.

28.     Plaintiffs specifically were charged with the offense of robbery while armed with a deadly weapon and FBI hold.  See Exhibit A, attached and made a part of hereof.

29.     However, on December 28, 2007, at approximately 9:00 p.m., each Plaintiff was released without court appearance or the posting of bail.

## STATEMENT OF CLAIMS

### COUNT I - FALSE ARREST AND ILLEGAL IMPRISONMENT
#### (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL,

INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department for false arrest and state the following:

30.    Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 29, and incorporate the same fully set forth herein.

31.    The Defendants arrested or caused the arrest and detention of Plaintiffs, without an arrest warrant, without probable cause, and without any other legal justification, and Plaintiffs were charged with various criminal offenses.

32.    On December 28, 2007, the Plaintiffs were wrongfully and intentionally detained, imprisoned and interrogated by the Defendants. The conduct of the Defendants resulted in the Plaintiffs being falsely, maliciously and unlawfully arrested, detained and deprived of their liberty.

33.    As a result of the wrongful arrest, detention and imprisonment the Plaintiffs were deprived of their rights in violation of Title 42 U.S.C. §1983:

a)    Their rights to security of person and freedom from arrest, except upon probable cause, supported by oath or affirmation, pursuant to the Fourth Amendment of the United States Constitution; and

b)    Their rights not to be deprived of liberty without due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

34.    The course of action by the Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

7

a)      In reckless or callous disregard of the Plaintiffs' federal constitutional rights;

b)      In utter indifference to the Plaintiffs' federal constitutional rights; and/or

c)      By misuse and abuse of federal legal authority.

35.      As a direct result of the wrongful arrest, detention and imprisonment, the Plaintiffs were injured, in that they were deprived of their liberty for a substantial period of time, they suffered from anxiety and distress over being separated from their family, they were humiliated and embarrassed, sustained physical injuries and property damage, and incurred legal fees and other expenses.

WHEREFORE, each of the Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, pray for judgment against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally, as follows:

A.      For compensatory damages in the amount of $500,000.00;

B.      For punitive damages in the amount of $250,000.00;

C.      For any interest allowed by law, both pre-judgment and post judgment;

D.      For attorney's fees pursuant to Title 42 U.S.C. §1988;

E.    For cost incurred;

F.    For injunctive relief; and

G.    For any other relief the Court may deem just.

## COUNT II - EXCESSIVE FORCE (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally for excessive force as follows:

36.    The Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 35 and incorporate the same fully set forth herein.

37.    While the Plaintiffs were being unlawfully arrested the Defendants pushed, pulled, grabbed and subsequently pulled them by the handcuffs while locked on their wrists.

38.    At no time did the Plaintiffs resist being arrested or attempted to pull away from the Defendants even though the Plaintiffs were being physically abused.

39.    As a result of the attack on the Plaintiffs by the Defendants the Plaintiffs were injured.

40.    As a direct and proximate result of the above described unlawful and malicious physical abuse of the Plaintiffs' by the Defendants, committed under the color of law and under the Defendants authority as Federal Bureau of Investigation Agents, Calumet City, Illinois Police Officers and Hammond, Indiana Police Officers, the Plaintiffs suffered grievous bodily harm and were deprived of their rights to be secure in their person, against unreasonable seizure of their person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42 §1983.

41.    The course of action by the Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

a)    In reckless or callous disregard of the Plaintiffs' federal constitutional rights;

b)    In utter indifference to the Plaintiffs' federal constitutional rights; and/or

c)    By misuse and abuse of federal legal authority.

42.    As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiffs were threatened, humiliated and embarrassed, sustained physical injuries to their bodies and property damage, and incurred legal fees and other expenses.

WHEREFORE, each of the Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, pray for judgment against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually

and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally, as follows:

A.    For compensatory damages in the amount of $500,000.00;

B.    For punitive damages in the amount of $250,000.00;

C.    For any interest allowed by law, both pre-judgment and post judgment;

D.    For attorney's fees pursuant to Title 42 U.S.C. §1988;

E.    For cost incurred;

F.    For injunctive relief; and

G.    For any other relief the Court may deem just.

## COUNT III - FAILURE TO INTERVENE AND PREVENT USE OF EXCESSIVE FORCE (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS,

individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally for failure to intervene as follows:

43.    Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 42 and incorporate the same fully set forth herein.

44.    Defendants TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department were present at the scene on the date and time in question and knew and should have known that the other officers were exerting excessive force upon the Plaintiffs.

45.    Defendants TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond,

12

Indiana Police Department failed to intervene and prevent the other officers from exerting excessive force upon the Plaintiffs when Defendants had a reasonable opportunity to do so.

46.    As a direct and proximate result of the efforts described, the unlawful conduct the Defendants committed under color of law and under their individual authority as law enforcement officers, Plaintiff suffered grievous bodily harm and were deprived of their right to be secure in their person against unreasonable seizure of their person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42, §1983.

47.    The course of action by Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

    a)    In reckless or callous disregard of Plaintiffs' federal constitutional rights;

    b)    In utter interference to Plaintiffs' federal constitutional rights; and/or

    c)    By misuse of abuse of federal legal authority.

48.    As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiffs were threatened, humiliated and embarrassed, sustained physical injuries and property damage, and incurred legal fees and expenses.

WHEREFORE, each of the Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, pray for judgment against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually

and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally, as follows:

A.     For compensatory damages in the amount of $500,000.00;

B.     For punitive damages in the amount of $250,000.00;

C.     For any interest allowed by law, both pre-judgment and post judgment;

D.     For attorney's fees pursuant to Title 42 U.S.C. §1988;

E.     For cost incurred;

F.     For injunctive relief; and

G.     For any other relief the Court may deem just.

## COUNT IV – CONSPIRACY TO DEPRIVE PLAINTIFFS OF CONSTITUTIONAL RIGHTS (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond,

Indiana Police Department, jointly and severally for conspiracy to deprive Plaintiffs of their constitutional rights as follows:

49.     Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 48 and incorporate the same fully set forth herein.

50.     Defendants were present at the locations on December 28, 2007, the date and time in question, and during the unlawful commission of false arrest, use of excessive force and failure to intervene as described in paragraphs 1 through 48 above.

51.     Defendants herein, did conspire with each other and with others known and unknown to commit under color of law and under their individual authority as law enforcement officers to deprive Plaintiff's of their constitutional rights in violation of Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42 U.S.C § 1983 specifically:

a)     Their rights to security of person and freedom from arrest, except upon probable cause, supported by oath or affirmation, pursuant to the Fourth Amendment of the United States Constitution;

b)     Their rights not to be deprived of liberty without due process of law, pursuant to the Fourteenth Amendment of the United States Constitution; and

c)     Their rights to be secure in their person, against unreasonable seizure of their person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42 § 1983.

52.     Defendant, law enforcement officers, committed overt acts in furtherance of the conspiracy, intentionally and/or with deliberate indifference, including but not limited to;

a)     The arrest or cause of the arrest and detention of Plaintiffs, without probable cause, and without any other legal justification;

b)     The formal charging or cause of the formal charging of Plaintiffs with various criminal offenses that remains as part of a record of Plaintiffs' criminal histories with federal, state and local law enforcement authorities;

c)     The use of excessive force or cause of the use of excessive force against Plaintiffs; and

d)     The deliberate failure to intervene and prevent other law enforcement officers from exerting excessive force upon the Plaintiffs.

53.     The course of action by the Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

a)     In reckless or callous disregard of the Plaintiffs' federal constitutional rights;

b)     In utter indifference to the Plaintiffs' federal constitutional rights; and/or

c)     By misuse and abuse of federal legal authority.

54.     As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiffs were threatened, humiliated and embarrassed, sustained physical injuries to their bodies and property damage, and incurred legal fees and other expenses.

WHEREFORE, each of the Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, pray for judgment against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually

and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally, as follows:

A.    For compensatory damages in the amount of $500,000.00;

B.    For punitive damages in the amount of $250,000.00;

C.    For any interest allowed by law, both pre-judgment and post judgment;

D.    For attorney's fees pursuant to Title 42 U.S.C. §1988;

E.    For cost incurred;

F.    For injunctive relief; and

G.    For any other relief the Court may deem just.

## COUNT V – INJUNCTIVE RELIEF
### (All Named Defendants)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the Defendants, UNITED STATES OF AMERICA, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; CALUMET CITY, ILLINOIS, A Municipal Corporation, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; CITY OF HAMMOND, INDIANA, A Municipal

Corporation,  VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official

capacity as law enforcement officers of the City of Hammond, Indiana Police Department,

jointly and severally for injunctive relief as follows:

55.    Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through

54 and incorporate the same fully set forth herein.

56.    Pursuant to Exhibit A, attached hereto, it is clear that as a result of the unlawful

acts and conduct stated above, Plaintiffs currently have criminal histories and information

recorded with the Federal Bureau of Investigation, State of Indiana, City of Hammond, Indiana

and elsewhere.

57.    As a result of the criminal histories and information generated by Defendants,

Plaintiffs are being severely and irreparably damaged and that potential employment,

educational, social and other opportunities will be adversely impacted.  For example, Plaintiff

Roy III has enlisted for military service with the Navy, but has been prevented from reporting to

duty as a result of the criminal history and information of arrest being discovered.

58.    Plaintiffs otherwise meet the requirements for injunctive relief because:

a)    Plaintiffs will succeed on the merits of their claims because they were arrested

without warrant or probable cause and despite custodial interrogation for several

hours did not admit to committing any criminal offense.  Furthermore, Plaintiffs

are not the subject or target of any criminal investigation;

b)    The Plaintiffs do not have an adequate remedy at law and they would suffer a

irreparable harm with an injunction;

c)    The balance of harms between the parties, the favors entering the injunction; and

d)    The injunction will not harm the public interest.

59.    Specifically, Plaintiffs seek an order directing Defendants to expunge any and all criminal records, reports, photographs, finger prints and other documentation produced during the processing of their illegal arrest and to have completely expunged and deleted all computer references concerning their arrest on December 28, 2007.

WHEREFORE, each of the Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, pray for judgment against the Defendants, UNITED STATES OF AMERICA, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; CALUMET CITY, ILLINOIS, A Municipal Corporation, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; CITY OF HAMMOND, INDIANA, A Municipal Corporation,   VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally, as follows:

A.    For compensatory damages in the amount of $500,000.00;

B.    For punitive damages in the amount of $250,000.00;

C.    For any interest allowed by law, both pre-judgment and post judgment;

D.    For attorney's fees pursuant to Title 42 U.S.C. §1988;

E.    For cost incurred;

F.    For injunctive relief; and

G.    For any other relief the Court may deem just.

## JURY DEMAND

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III,

respectfully request a Jury Demand.

Dated: August 5, 2008

Respectfully submitted,

By:    */s/ Anthony L. Schumann*
ANTHONY L. SCHUMANN

Anthony L. Schumann L. Schumann
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE COLE

AEE

RS

END OF PART 1 - PART 2 TO FOLLOW.


OPM CASE #: 80364885    NAME: GOODMAN         CASE TYPE: 93  SOI: DD70
OPM CASE #: 80364885    SSN: 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    MEPS ID: B54    SPF: DNR


UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306


US0PM000Z                          ICN E2008078000000013700
PART 2


FBI IDENTIFICATION RECORD - FBI NO-506818VC8

1-ARRESTED OR RECEIVED 2007/12/28  SID- IN01612609
    AGENCY-POLICE DEPARTMENT HAMMOND (IN0450700)
      AGENCY CASE-IN0450700
        CHARGE 1-001 OF HOLD FOR FBI
        CHARGE 2-001 OF ROBBERY WHILE ARMED W/DEADLY WEAPON

2-DATE OF APPLICATION 2008/03/14R (DATE FP)
    AGENCY-OPM BOYERS (US0PM000Z)
      AGENCY CASE-80364885 NAME USED-GOODMAN,ROY LEE
      CIVIL PRINT - 03/18/2008

RECORD UPDATED 2008/03/18

EXHIBIT

A

```
HAMMOND POLICE DEPARTMENT                                      PAGE      1
DATE: 12/28/2007          HAMMOND PUBLIC SAFETY **LIVE**       BK0290
TIME: 13:32:50                    BOOKING CARD                 HA313
==========================================================================
ORI # . . : IN0450700 HAMMOND POLICE DEPARTMENT
Booking # : 2007-00005976        Booking Date: 12/28/2007     Time: 13:29
Jacket No.:     171681 A         Inmate Number:
Case ORI #.: IN0450700           Case Number : 2007-00098705

Name . . . : GOODMAN,RENIECE,DE'SHAY,
Address . . : 5623 MAYWOOD AV
City . . . : HAMMOND              State : Indiana    Zip Code: 46320
Phone# . . : (219) 931-4619      D.O.B.: 01/20/1989  Race . . : Black
Social Sec# : 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        Age . . : 18        Sex . . : Female
Hair Color : Black      Eyes: Brown  Height: 510     Weight : 146
DL # . . . :
--------------------------------------------------------------------------
Booking ID#1 :    HA313  MCKEC   Booking ID#2 :
Prisoner Type : Fed Prison
Incarce Reason:                  Custody Class: Felony

Photo Number .  :                Photo Taken By ID#  :    HA068  HANS
Fingerprinted By ID#:   HA068  HANSEN   Searched By ID #1 . :    HA068  HANS
Strip Search By ID#1:            Strip Search By ID#2:    2100

Vehicle Location: NONE LISTED

Facility: HPD HPD                             Block:  B2 B2
Cell . : C 18 C18                              Bed:    1 B1

Flags:
```

ORIGINAL

/04271

```
--------------------------------------------------------------------------
Charge#:  1   Hold?: No    Agency : FBI      Brought In By . : FBI
----------                 Agency#2: Hammond PD Brought In By #2: MILLER

Booking Chg/Code : IN0450700 HOLD FOR FBI       HOLD FOR FBI
Attempted? . . . . :NO
Bond Set Type . . : :      HR      Bond Set Amt :            .00
Bond Set Date . . : :
Bond Post Type . . :              Bond Post Amt :           .00
Posted Date/Time . :        0:00  Posted By:
Received By . . . :               Witnessed:

Court ORI# . . . . : IN0450700 HPD    Court Case# . . : HOLD FBI
Final Charge/Code  :
Court Date . . . . :                  Court Sentence:
Prosecuting ORI# . :

Charge#: 2   Hold?: No    Agency : FBI      Brought In By . : FBI
----------                Agency#2: Hammond PD Brought In By #2: MILLER

Booking Chg/Code : STATE    35-42-5-1    BF ROBBERY WHILE ARMED W/DEADL
```

*ENTERED - 37*

19-5976

**HAMMOND, INDIANA POLICE DEPARTMENT**
**REQUEST FOR LIMITED CRIMINAL HISTORY**

Goooman *Reyee Lucille* Lucille

I, *Renee L Goodman* AN EMPLOYEE OF _____
(LAST NAME, FIRST, MIDDLE, MAIDEN)          (BUSINESS/AGENCY)

IN THE POSITION OF _____, REQUEST A LIMITED CRIMINAL HISTORY OF
(BUSINESS/AGENCY TITLE)

NAME *Renee L Goodman* D.O.B. *10-27-1966* SS# *322-62 - 5476*

RACE *B* SEX *F* AGE *41*

ADDRESS *5623 Maywood Ave Hammond, IN 46320*
(INCLUDE CITY, STATE, ZIP)

I REQUEST THIS INFORMATION BECAUSE _____

I UNDERSTAND THAT ANY PERSON WHO USES A LIMITED CRIMINAL HISTORY FOR
ANY PURPOSE NOT SPECIFIED UNDER I.C. 5-2 CHAPTER 5, SECTION 5 COMMITS A
CLASS A MISDEMEANOR.

*7/14/08*
DATE                          *Renee L Goodman*
                              SIGNATURE

SUBSCRIBED AND SWORN TO ME THIS _____ DAY OF _____, 20____

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____ CITY _____ COUNTY ____

**LIMITED CRIMINAL HISTORY**

| ARREST DATE | CHARGE(S) | DISPOSITION |
|---|---|---|
| 12-28-07 | Robbery while armed | see Lake County Clerk |
| | Hold for F.B.I | |

this limited criminal history contains
information dating back to September
3, 2002. Information prior to this date
cannot be accessed at this time.

INFORMATION PROVIDED BY *LW #81* Hammond Police Department DATE *7-14-08*

** INVALID if altered in any way**Must bear City of Hammond Seal**

## HAMMOND, INDIANA POLICE DEPARTMENT
## REQUEST FOR LIMITED CRIMINAL HISTORY

I, _Goodman Reniece D_____ AN EMPLOYEE OF _____
(LAST NAME,   FIRST,   MIDDLE,   MAIDEN)                              (BUSINESS/AGENCY)

IN THE POSITION OF _____, REQUEST A LIMITED CRIMINAL HISTORY OF
(BUSINESS/AGENCY TITLE)

NAME _Reniece D. Goodman_ D.O.B. _1/20/89_  SS# _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_

RACE___ SEX _F_ AGE _19_

ADDRESS _5623 maywood Ave    Hammond, IN  46320_
(INCLUDE CITY, STATE, ZIP)

I REQUEST THIS INFORMATION BECAUSE _____
_____
_____

I UNDERSTAND THAT ANY PERSON WHO USES A LIMITED CRIMINAL HISTORY FOR
ANY PURPOSE NOT SPECIFIED UNDER I.C. 5-2 CHAPTER 5, SECTION 5 COMMITS A
CLASS A MISDEMEANOR.

_7/28/08_                              _Reniece Good_
DATE                                        SIGNATURE

SUBSCRIBED AND SWORN TO ME THIS _____ DAY OF _____, 20____

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____ CITY _____ COUNTY_____

### LIMITED CRIMINAL HISTORY

ARREST
DATE           CHARGE(S)                        DISPOSITION

_12/28/08_    _Hold for FBI_

This limited criminal history contains
information dating back to September
8, 2002. Information prior to this date
cannot be accessed at this time.

Hammond Police Department

INFORMATION PROVIDED BY _VM_____ DATE _7/28/08_

** INVALID if altered in any way**Must bear City of Hammond Seal**

**HAMMOND, INDIANA POLICE DEPARTMENT**
**REQUEST FOR LIMITED CRIMINAL HISTORY**

I, Goodman Roy Lee III    AN EMPLOYEE OF _____
(LAST NAME, FIRST, MIDDLE, MAIDEN)                (BUSINESS/AGENCY)

IN THE POSITION OF _____, REQUEST A LIMITED CRIMINAL HISTORY OF
                (BUSINESS/AGENCY TITLE)

NAME Roy Lee Goodman III    D.O.B. 7/26/87    SS# 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

RACE B    SEX M    AGE 20

ADDRESS 5623 Maywood AVE Hammond, IN 46320
                (INCLUDE CITY, STATE, ZIP)

I REQUEST THIS INFORMATION BECAUSE ████████ _____

I UNDERSTAND THAT ANY PERSON WHO USES A LIMITED CRIMINAL HISTORY FOR
ANY PURPOSE NOT SPECIFIED UNDER I.C. 5-2 CHAPTER 5, SECTION 5 COMMITS A
CLASS A MISDEMEANOR.

6/26/08
DATE

Roy Lee Goodman III
SIGNATURE

SUBSCRIBED AND SWORN TO ME THIS 26 DAY OF June , 20 08

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES _____ CITY _____ COUNTY _____

**LIMITED CRIMINAL HISTORY**

| ARREST DATE | CHARGE(S) | DISPOSITION |
|---|---|---|
| 4-29-08 | Possession of Marijuana | Clerks |
| 12-28-07 | HOLD FOR FBI | Office for |
| 9/22/07 | Obstruct Traffic | Dispos |

This limited criminal history contains
information dating back to September
8, 2002. Information prior to this date
cannot be accessed at this time.

INFORMATION PROVIDED BY _____ DATE 6-26-08
Hammond Police Department

** INVALID if altered in any way**Must bear City of Hammond Seal**