## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **RENEE GOODMAN, RENIECE**<br>**GOODMAN AND ROY GOODMAN, III** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **v.** | ) **Case No. 08-CV-4752** <br> ) |
| **UNITED STATES OF AMERICA, et al.,** | ) **Judge Der-Yeghiayan** <br> ) |
| **Defendants.** | ) |

### ANSWER AND AFFIRMATIVE DEFENSES
### (Calumet City Defendants)

Now come defendants CALUMET CITY, ILLINOIS, a municipal corporation, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS (collectively "defendants" or the "Calumet City defendants"), by and through their attorneys, Odelson & Sterk, Ltd., and for their answer to plaintiffs' complaint states as follows:

### Nature of Action

1.    Plaintiffs seek monetary relief and injunctive relief for their Federal Question Claims to redress the deprivation of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

**ANSWER:    Defendants admit that plaintiffs request monetary and injunctive relief for the alleged deprivation of their constitutional rights, but defendants deny all remaining allegations contained in paragraph 1.**

1

## Jurisdiction and Venue

2.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and 1343.

**ANSWER:     Defendants admit that the district courts have jurisdiction over plaintiffs' claims, but defendants deny all remaining allegations in paragraph 2.**

3.     Further, this action is authorized and instituted pursuant to Title 42 U.S.C. §1983, which was derived from section 1 of the Civil Rights Act of 1871, 17 Stat. 13.

**ANSWER:     Defendants admit that plaintiffs' claims are brought pursuant to 42 U.S.C. §1983, but defendants deny all remaining allegations contained in paragraph 3.**

4.     All acts alleged occurred either within the Northern District of Illinois or the Northern District of Indiana.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C §1391.

**ANSWER:     Defendants admit that plaintiffs have alleged acts occurring within the jurisdiction of the Northern District of Illinois and the Northern District of Indiana, but defendants deny all remaining allegations contained in paragraph 4.**

## Parties

5.     Plaintiff, RENEE GOODMAN ("RENEE"), is an adult female citizen of the United States and a resident of Hammond, Indiana.

**ANSWER:     Defendants admit the allegations contained in paragraph 5.**

6.     Plaintiff, RENIECE GOODMAN ("RENIECE"), is an adult female citizen of the United States and a resident of Hammond, Indiana.

**ANSWER:     Defendants admit the allegations contained in paragraph 6.**

2

7.     Plaintiff, ROY GOODMAN, III ("ROY III"), is an adult male citizen of the United States and a resident of Hammond, Indiana.

**ANSWER:     Defendants admit the allegations contained in paragraph 7.**

8.     Defendant, UNITED STATES OF AMERICA, at all relevant times, through the Federal Bureau of Investigation, was the employer of Defendants TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON and UNKNOWN FBI AGENTS.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.**

9.     Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON and UNKNOWN FBI AGENTS, at all times material hereto were sworn law enforcement officers for the Federal Bureau of Investigation.

**ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.**

10.     Defendant, CALUMET CITY, ILLINOIS, is a Municipal Corporation organized under the laws of the State of Illinois and at all relevant times, through the Calumet City Police Department, was the employer of Defendants, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS and UNKNOWN POLICE OFFICERS.

**ANSWER:     Defendants admit the allegations contained in paragraph 10.**

11.     Defendants, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT

OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS and UNKNOWN POLICE OFFICERS, at all times material hereto were sworn law enforcement officers for Calumet City, Illinois.

**ANSWER: Defendants admit the allegations contained in paragraph 11.**

12. Defendant, CITY OF HAMMOND, INDIANA, is a Municipal Corporation organized under the laws of the State of Indiana, and through the Hammond Police Department, was the employer of Defendants VARIOUS UNKNOWN POLICE OFFICERS.

**ANSWER: Defendants admit that the City of Hammond, Indiana, is a municipal corporation organized under the laws of the State of Indiana. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12.**

13. Defendants, VARIOUS UNKNOWN POLICE OFFICERS, at all times material hereto were sworn law enforcement officers for Hammond, Indiana.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.**

14. Plaintiffs sue each and every individual law enforcement officer Defendant in their individual capacity and in their capacity as law enforcement officers for the Federal Bureau of Investigation, Calumet City, Illinois and Hammond, Indiana.

**ANSWER: Defendants admit that plaintiffs purport to sue each defendant officer in their individual capacity and official capacity, but defendants deny all remaining allegations contained in paragraph 14.**

15. At all times material hereto, each and every Defendant, acted under the color of law.

4

**ANSWER:** **The Calumet City defendants deny the allegations against them of misconduct and unconstitutional conduct and, therefore, deny that "at all times material" to plaintiffs' claims they were acting "under color of law."**

## Statement of Facts

16.    On Friday December 28, 2007, at approximately 6:00 a.m. a search warrant was executed at Plaintiffs' residence located at 5623 Maywood Avenue, Hammond, Indiana.

**ANSWER:** **Defendants admit the allegations contained in paragraph 16.**

17.    Defendant, Task Force Officer, Adam Clark, signed an application and affidavit for a search warrant on December 27, 2007.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17.**

18.    The place to be searched in the application and affidavit for search warrant was described as follows:

> "The premises, located at 5623 Maywood Avenue, Hammond, Indiana. 5623 Maywood Avenue, Hammond, Indiana is a single-family dwelling, with white wood siding with dark wood trim around the windows, and is located in the middle of the block next to a vacant lot on Maywood Avenue. The front door of the dwelling faces west and has a wood deck attached to it. The dwelling has a detached garage."

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18.**

19.    The items to be seized in the application and affidavit for search warrant was described as follows:

> Evidence of violations of Title 18, United States Code, Section 1951 and 924 including, but not limited to:
>
> 1)    any weapons, including guns, or ammunition;

2)  any United States currency or bank bands, or checks;

3)  any clothing depicted in surveillance photos or videos of the robbery that occurred on December 24, 2007 at approximately 11:41 a.m., at the JC Penny located at 200 River Oaks Center, Calumet City, Illinois 60409

4)  any photographs of or forms of identification for Roy Lee Goodman, Jr.;

5)  any evidence of the facts set forth in the attached Affidavit, including wrapping paper tube, bag carried by Dunbar Armored Car Carrier

6)  any evidence of the robbery that occurred on December 24, 2007 at approximately 11:41 a.m., at the JC Penny located at 200 River Oaks Center, Calumet City, Illinois 60409, including wrapping paper tube, bag carried by Dunbar Armored Car Carrier

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.**

20.   The search warrant was executed by law enforcement officers that included the Federal Bureau of Investigation, Calumet City Illinois Police Department and the Hammond Indiana Police Department.

**ANSWER:   Defendants admit the allegations contained in paragraph 20.**

21.   The search warrant was executed by the law enforcement officers by the use of forced entry and explosives, while they were dressed in black combat attire, which included black masks and while displaying various weapons.

**ANSWER:   The Calumet City defendants deny the allegations contained in paragraph 21 as alleged against them and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21.**

6

22. Upon entry, the law enforcement officers discharged at least two "flash" or "concussion" grenades which caused a loud explosion, flashes of light and smoke.

**ANSWER: The Calumet City defendants deny the allegations contained in paragraph 22 as alleged against them and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22.**

23. Plaintiffs, who were all on the second floor of the residence, were ordered to the first floor at gunpoint and were handcuffed with their arms behind their backs.

**ANSWER: The Calumet City defendants admit that plaintiffs were handcuffed but lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23.**

24. Plaintiffs were then interrogated while in their residence by various law enforcement officers.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24.**

25. Moments later, Plaintiffs were removed while in handcuffs from the residence and driven to the Hammond Police Department.

**ANSWER: Defendants admit that plaintiffs were handcuffed when leaving their residence and then driven to the Hammond Police Department, but defendants deny all remaining allegations contained in paragraph 25.**

26. Upon arrival at the Hammond Police Department, Plaintiffs were each placed in jail cells and were separately and continuously interrogated by various Defendant law enforcement officers.

7

**ANSWER: Defendants admit that plaintiffs were interrogated at the Hammond Police Department, but defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 26.**

27.     Plaintiffs were each arrested, fingerprinted, photographed and otherwise processed.

**ANSWER: Defendants admit that plaintiffs were arrested and processed, but defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of whether plaintiffs were actually fingerprinted and photographed.**

28.     Plaintiffs specifically were charged with the offense of robbery while armed with a deadly weapon and FBI hold.  See Exhibit A, attached and made a part of hereof.

**ANSWER: Defendants admit that Exhibit A filed with the complaint states that plaintiff Renee Goodman was charged with "robbery while armed with a deadly weapon" and that records for each plaintiff refer to "hold for F.B.I."  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28.**

29.     However, on December 28, 2007, at approximately 9:00 p.m., each Plaintiff was released without court appearance or the posting of bail.

**ANSWER: Defendants admit that plaintiffs were released at approximately 9 pm, but defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 29.**

## Statement of Claims

### Count I – False Arrest and Illegal Imprisonment
### (Individual Law Enforcement Officers)

8

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department for false arrest and state the following:

30.     Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 29, and incorporate the same fully set forth herein.

**ANSWER:     Defendants restate their answers to paragraphs 1 through 29, as fully set forth above, as their answer to paragraph 30.**

31.     The Defendants arrested or caused the arrest and detention of Plaintiffs, without an arrest warrant, without probable cause, and without any other legal justification, and Plaintiffs were charged with various criminal offenses.

**ANSWER:     Defendants deny the allegations contained in paragraph 31.**

32.     On December 28, 2007, the Plaintiffs were wrongfully and intentionally detained, imprisoned and interrogated by the Defendants. The conduct of the

Defendants resulted in the Plaintiffs being falsely, maliciously and unlawfully arrested, detained and deprived of their liberty.

**ANSWER: Defendants deny the allegations contained in paragraph 32.**

33.     As a result of the wrongful arrest, detention and imprisonment the

Plaintiffs were deprived of their rights in violation of Title 42 U.S.C. §1983:

a)      Their rights to security of person and freedom from arrest, except upon probable cause, supported by oath or affirmation, pursuant to the Fourth Amendment of the United States Constitution; and

b)      Their rights not to be deprived of liberty without due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

**ANSWER: Defendants deny the allegations contained in paragraph 33, including subparagraphs a) and b).**

34.     The course of action by the Defendants was intentional, willful, wanton,

malicious, and oppressive in one or more of the following ways or manner:

a)      In reckless or callous disregard of the Plaintiffs' federal constitutional rights;

b)      In utter indifference to the Plaintiffs' federal constitutional rights; and/or

c)      By misuse and abuse of federal legal authority.

**ANSWER: Defendants deny the allegations contained in paragraph 34, including subparagraphs a) through c).**

35.     As a direct result of the wrongful arrest, detention and imprisonment, the

Plaintiffs were injured, in that they were deprived of their liberty for a substantial period of time, they suffered from anxiety and distress over being separated from their family, they were humiliated and embarrassed, sustained physical injuries and property damage, and incurred legal fees and other expenses.

**ANSWER: Defendants deny the allegations contained in paragraph 35.**

10

**Wherefore, defendants deny that plaintiffs are entitled to judgment against defendants in any amount whatsoever, and pray that judgment be entered against plaintiffs and in favor of defendants and that defendants be awarded their costs and fees and any such other relief as may be appropriate.**

## Count II - Excessive Force (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally for excessive force as follows:

36.     The Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 35 and incorporate the same fully set forth herein.

**ANSWER:     Defendants restate their answers to paragraphs 1 through 35, as fully set forth above, as their answer to paragraph 36.**

37.    While the Plaintiffs were being unlawfully arrested the Defendants pushed, pulled, grabbed and subsequently pulled them by the handcuffs while locked on their wrists.

**ANSWER:    Defendants deny the allegations contained in paragraph 37.**

38.    At no time did the Plaintiffs resist being arrested or attempted to pull away from the Defendants even though the Plaintiffs were being physically abused.

**ANSWER:    Defendants deny the allegations contained in paragraph 38.**

39.    As a result of the attack on the Plaintiffs by the Defendants the Plaintiffs were injured.

**ANSWER:    Defendants deny the allegations contained in paragraph 39.**

40.    As a direct and proximate result of the above described unlawful and malicious physical abuse of the Plaintiffs' by the Defendants, committed under the color of law and under the Defendants authority as Federal Bureau of Investigation Agents, Calumet City, Illinois Police Officers and Hammond, Indiana Police Officers, the Plaintiffs suffered grievous bodily harm and were deprived of their rights to be secure in their person, against unreasonable seizure of their person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42 §1983.

**ANSWER:    Defendants deny the allegations contained in paragraph 40.**

41.    The course of action by the Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

a)    In reckless or callous disregard of the Plaintiffs' federal constitutional rights;

b)    In utter indifference to the Plaintiffs' federal constitutional rights; and/or

c)    By misuse and abuse of federal legal authority.

12

**ANSWER: Defendants deny the allegations contained in paragraph 41, including subparagraphs a) through c).**

42. As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiffs were threatened, humiliated and embarrassed, sustained physical injuries to their bodies and property damage, and incurred legal fees and other expenses.

**ANSWER: Defendants deny the allegations contained in paragraph 42.**

**Wherefore, defendants deny that plaintiffs are entitled to judgment against defendants in any amount whatsoever, and pray that judgment be entered against plaintiffs and in favor of defendants and that defendants be awarded their costs and fees and any such other relief as may be appropriate.**

## Count III – Failure to Intervene and Prevent Use of Excessive Force (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as

law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally for failure to intervene as follows:

43.     Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 42 and incorporate the same fully set forth herein.

**ANSWER:     Defendants restate their answers to paragraphs 1 through 42, as fully set forth above, as their answer to paragraph 43.**

44.     Defendants TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department were present at the scene on the date and time in question and knew and should have known that the other officers were exerting excessive force upon the Plaintiffs.

**ANSWER:     Defendants admit that Defendants Zorzi and Pieczuel were in the vicinity of plaintiffs' residence on December 28, 2007, at approximately 9 am, but defendants deny all remaining allegations contained in paragraph 44 as alleged against them.**

45.     Defendants TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI

14

AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department failed to intervene and prevent the other officers from exerting excessive force upon the Plaintiffs when Defendants had a reasonable opportunity to do so.

**ANSWER:    Defendants deny the allegations contained in paragraph 45.**

46.    As a direct and proximate result of the efforts described, the unlawful conduct the Defendants committed under color of law and under their individual authority as law enforcement officers, Plaintiff suffered grievous bodily harm and were deprived of their right to be secure in their person against unreasonable seizure of their person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42, §1983.

**ANSWER:    Defendants deny the allegations contained in paragraph 46.**

47.    The course of action by Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

a)    In reckless or callous disregard of Plaintiffs' federal constitutional rights;

b)    In utter interference to Plaintiffs' federal constitutional rights; and/or

c)  By misuse of abuse of federal legal authority.

15

**ANSWER: Defendants deny the allegations contained in paragraph 47, subparagraphs a) through c).**

48.  As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiffs were threatened, humiliated and embarrassed, sustained physical injuries and property damage, and incurred legal fees and expenses.

**ANSWER:  Defendants deny the allegations contained in paragraph 48.**

**Wherefore, defendants deny that plaintiffs are entitled to judgment against defendants in any amount whatsoever, and pray that judgment be entered against plaintiffs and in favor of defendants and that defendants be awarded their costs and fees and any such other relief as may be appropriate.**

## Count IV – Conspiracy to Deprive Plaintiffs of Constitutional Rights
### (Individual Law Enforcement Officers)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the individual law enforcement Defendants, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as

16

law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally for conspiracy to deprive Plaintiffs of their constitutional rights as follows:

49.     Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 48 and incorporate the same fully set forth herein.

**ANSWER:     Defendants restate their answers to paragraphs 1 through 48, as fully set forth above, as their answer to paragraph 49.**

50.     Defendants were present at the locations on December 28, 2007, the date and time in question, and during the unlawful commission of false arrest, use of excessive force and failure to intervene as described in paragraphs 1 through 48 above.

**ANSWER:     Defendants admit that Defendants Zorzi and Pieczuel were in the vicinity of plaintiffs' residence on December 28, 2007, at approximately 9 am, but defendants deny all remaining allegations contained in paragraph 50.**

51.     Defendants herein, did conspire with each other and with others known and unknown to commit under color of law and under their individual authority as law enforcement officers to deprive Plaintiff's of their constitutional rights in violation of Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42 U.S.C § 1983 specifically:

a)     Their rights to security of person and freedom from arrest, except upon probable cause, supported by oath or affirmation, pursuant to the Fourth Amendment of the United States Constitution;

b)     Their rights not to be deprived of liberty without due process of law, pursuant to the Fourteenth Amendment of the United States Constitution; and

c)     Their rights to be secure in their person, against unreasonable seizure of their person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and Title 42 § 1983.

**ANSWER: Defendants deny the allegations contained in paragraph 51, including subparagraphs a) through c).**

52. Defendant, law enforcement officers, committed overt acts in furtherance of the conspiracy, intentionally and/or with deliberate indifference, including but not limited to;

a) The arrest or cause of the arrest and detention of Plaintiffs, without probable cause, and without any other legal justification;

b) The formal charging or cause of the formal charging of Plaintiffs with various criminal offenses that remains as part of a record of Plaintiffs' criminal histories with federal, state and local law enforcement authorities;

c) The use of excessive force or cause of the use of excessive force against Plaintiffs; and

d) The deliberate failure to intervene and prevent other law enforcement officers from exerting excessive force upon the Plaintiffs.

**ANSWER: Defendants deny the allegations contained in paragraph 52, including subparagraphs a) through d).**

53. The course of action by the Defendants was intentional, willful, wanton, malicious, and oppressive in one or more of the following ways or manner:

a) In reckless or callous disregard of the Plaintiffs' federal constitutional rights;

b) In utter indifference to the Plaintiffs' federal constitutional rights; and/or

c) By misuse and abuse of federal legal authority.

**ANSWER: Defendants deny the allegations contained in paragraph 53, including subparagraphs a) through c).**

54. As a direct and proximate result of the malicious and outrageous conduct of the Defendants as afore-described, the Plaintiffs were threatened, humiliated and embarrassed, sustained physical injuries to their bodies and property damage, and incurred legal fees and other expenses.

**ANSWER:** Defendants deny the allegations contained in paragraph 54.

Wherefore, defendants deny that plaintiffs are entitled to judgment against defendants in any amount whatsoever, and pray that judgment be entered against plaintiffs and in favor of defendants and that defendants be awarded their costs and fees and any such other relief as may be appropriate.

## Count V – Injunctive Relief
## (All named defendants)

Plaintiffs, RENEE GOODMAN, RENIECE GOODMAN and ROY GOODMAN, III, by and through their attorneys, GRANT SCHUMANN, LLC, and complain against the Defendants, UNITED STATES OF AMERICA, TASK FORCE OFFICER ADAM CLARK, CHRISTOPHER SOYEZ, LORI WARREN, KERRI LANDAU, F/N/U HENDON, and UNKNOWN FBI AGENTS, individually and in their official capacity as law enforcement officers for the Federal Bureau of Investigation; CALUMET CITY, ILLINOIS, A Municipal Corporation, RAYMOND HLADEK, SGT. G. BARICH, INV. F/N/U PIECZUEL, INV. F/N/U ERICKSON, E.T. WILLIAM GAVIN, CPT. F/N/U ZORZI, TACT OFFICER F/N/U KWIATKOWSKI, SGT. F/N/U URBANEK, E.T. F/N/U LUCIUS, and UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers for the Calumet City, Illinois Police Department; CITY OF HAMMOND, INDIANA, A Municipal Corporation, VARIOUS UNKNOWN POLICE OFFICERS, individually and in their official capacity as law enforcement officers of the City of Hammond, Indiana Police Department, jointly and severally for injunctive relief as follows:

55. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 through 54 and incorporate the same fully set forth herein.

**ANSWER: Defendants restate their answers to paragraphs 1 through 54, as fully set forth above, as their answer to paragraph 55.**

56. Pursuant to Exhibit A, attached hereto, it is clear that as a result of the unlawful acts and conduct stated above, Plaintiffs currently have criminal histories and information recorded with the Federal Bureau of Investigation, State of Indiana, City of Hammond, Indiana and elsewhere.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56.**

57. As a result of the criminal histories and information generated by Defendants, Plaintiffs are being severely and irreparably damaged and that potential employment, educational, social and other opportunities will be adversely impacted. For example, Plaintiff Roy III has enlisted for military service with the Navy, but has been prevented from reporting to duty as a result of the criminal history and information of arrest being discovered.

**ANSWER: Defendants deny that plaintiffs have been or are being severely injured and irreparably damaged and that their actual or potential employment, educational, social, and other opportunities have been or are adversely impacted. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 57 and, therefore, deny the same.**

58. Plaintiffs otherwise meet the requirements for injunctive relief because:

a) Plaintiffs will succeed on the merits of their claims because they were arrested without warrant or probable cause and despite custodial interrogation for several hours did not admit to committing any criminal offense. Furthermore, Plaintiffs are not the subject or target of any criminal investigation;

b)   The Plaintiffs do not have an adequate remedy at law and they would suffer a irreparable harm with an injunction;

c)   The balance of harms between the parties, the favors entering the injunction; and

d)   The injunction will not harm the public interest.

**ANSWER:   Defendants   deny   the   allegations   contained   in   paragraph   58, including subparagraphs a) through d).**

59.   Specifically, Plaintiffs seek an order directing Defendants to expunge any and all criminal records, reports, photographs, finger prints and other documentation produced during the processing of their illegal arrest and to have completely expunged and deleted all computer references concerning their arrest on December 28, 2007.

**ANSWER:   Defendants   admit   that   plaintiffs   seek   the   relief   requested   in paragraph 59, but deny all remaining allegations contained in paragraph 59.**

Wherefore, defendants deny that plaintiffs are entitled to judgment and injunctive relief against defendants, and pray that judgment be entered against plaintiffs and in favor of defendants and that defendants be awarded their costs and fees and any such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

For their affirmative defenses to plaintiffs' complaint, the Calumet City defendants state as follows:

### First Affirmative Defense
### (Lack of Personal Involvement)

1.   Calumet City defendants Raymond Hladek, Sgt. G. Barich, Inv. Erickson, E.T. William Gavin, Tact Officer Kwiatkowski, Sgt. Urbanek, E.T. Lucius, and Unknown Police Officers, as identified and named in plaintiffs' complaint in their official and

21

individual capacities, were not at the scene or in the vicinity of plaintiffs' residence at 5623 Maywood Avenue, Hammond, Indiana ("plaintiffs' residence"), on December 28, 2008.

2. Calumet City defendants Raymond Hladek, Sgt. G. Barich, Inv. Erickson, E.T. William Gavin, Tact Officer Kwiatkowski, Sgt. Urbanek, E.T. Lucius, and Unknown Police Officers, as identified and named in plaintiffs' complaint, did not enter or search plaintiffs' residence or otherwise assist in the execution of the search warrant for plaintiffs' residence.

3. Calumet City defendants Raymond Hladek, Sgt. G. Barich, Inv. Erickson, E.T. William Gavin, Tact Officer Kwiatkowski, Sgt. Urbanek, E.T. Lucius, and Unknown Police Officers, as identified and named in plaintiffs' complaint, were not present for or assist in any arrest of plaintiffs as alleged in their complaint.

4. Calumet City defendants Raymond Hladek, Sgt. G. Barich, Inv. Erickson, E.T. William Gavin, Tact Officer Kwiatkowski, Sgt. Urbanek, E.T. Lucius, and Unknown Police Officers, as identified and named in plaintiffs' complaint, were not present for, and did not otherwise, assist in the detention of plaintiffs or questioning of them at the Hammond Police Department in Hammond, Indiana.

5. Calumet City defendants Raymond Hladek, Sgt. G. Barich, Inv. Erickson, E.T. William Gavin, Tact Officer Kwiatkowski, Sgt. Urbanek, E.T. Lucius, and Unknown Police Officers, as identified and named in plaintiffs' complaint, did not obtain or assist in obtaining the search warrant for plaintiffs' residence.

6. Calumet City defendants Raymond Hladek, Sgt. G. Barich, Inv. Erickson, E.T. William Gavin, Tact Officer Kwiatkowski, Sgt. Urbanek, E.T. Lucius, and Unknown Police Officers, as identified and named in plaintiffs' complaint, therefore, did not

personally participate in the false arrest, illegal imprisonment, excessive force, failure to intervene and prevent the use of excessive force, and the conspiracy alleged in plaintiffs' complaint. Accordingly, these defendants are not liable to plaintiffs pursuant to 42 U.S.C. §1983 for the purported violation of any constitutional rights or laws.

Wherefore, the defendants identified above pray for entry of judgment in their favor and against plaintiffs and for such other relief as this Court finds just.

## Second Affirmative Defense
### (Qualified Immunity)

1.     Under the totality of the circumstances, a reasonably competent police officer would not have concluded that the Calumet City defendants' actions violated plaintiffs' constitutional rights.

2.     The actions of the Calumet City defendants, in their individual capacities, were supported by probable cause or, at the very least, the reasonable belief that they were supported by probable cause.

3.     The Calumet City defendants are therefore entitled to qualified immunity for their actions or inactions.

Wherefore, the Calumet City defendants assert that they are immune from plaintiffs' claims are entitled to judgment in their favor and against plaintiffs.

Respectfully Submitted,

/s/ Michael J. Hayes, Jr.
Attorney for Calumet City defendants

Michael J. McGrath (ARDC #6229820)
Michael J. Hayes, Jr. (ARDC #6237276)
Amy Zale (ARDC # 6270628)
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424-5678

23